We see no error in giving to the jury the special charge on behalf of defendant in error, No. 5, as the same is fully sustained by the case of *Commissioners* v. *Coffman, Admx.*, 60 O. S., 538.

The general charge correctly stated the law of the case, and finding no errors in the record, the judgment will be affirmed.

---

## LIABILITY FOR COST OF RAILWAY BRIDGES OVER ARTIFICIAL WATER COURSES.

Circuit Court of Wayne County.

THE ASHLAND & WESTERN RAILWAY COMPANY v. THE BOARD OF COMMISSIONERS OF WAYNE COUNTY, OHIO, ET AL.

Decided, October 18, 1911.

*Ditches—Construction of, Underneath Railway Tracks—Company Can Not be Required to Meet the Expense of, When—Invalidity of Assessments Imposed on Property for the Sole Benefit of Others Than the Owner—Section 6518.*

A railway company can not be made liable for the expense of constructing a bridge or culvert over an artificial water-course, established after the company acquired its right-of-way at its own expense, and constructed a railroad thereon.

*Semple & Sherrick* and *Eugene Carlin*, for plaintiff in error. *L. R. Critchfield, Jr.*, and *S. B. Eason*, contra.

POWELL, J.; SHIELDS, J., and VOORHEES, J., concur.

This action comes into this court on a petition in error, filed by the Ashland & Western Railway Company, against the commissioners of Wayne county, Ohio, and Harry L. Henderson,

alleging error in the orders of said commissioners establishing a county ditch upon the lands of the defendant, Harry L. Henderson, and in which order the commissioners required the plaintiff in error to construct a bridge over said ditch at its own expense.

The original action was commenced by Harry L. Anderson filing his petition for said ditch with the county commissioners of this county, and after the same was allowed an appeal was taken by the plaintiff in error to the probate court of this county, upon all the grounds upon which such appeal may be taken, and we are asked by the petition in error to review the action and judgment of the probate court upon such appeal.

We have examined this record upon all the assignments of error set forth in the petition in error, and find that there is error in the charge of the court for which the judgment below should be reversed. There may be other errors in the record, but they are not of sufficient importance to justify a reversal of the judgment, but we find that the probate court in construing Section 4495 of the Revised Statutes, or 6518 of the General Code, instructed the jury—

"If you find that the location and construction of the bridge on the railway at the crossing of the proposed ditch, No. 187, is necessary to the public health, convenience or welfare, it is the duty of the Ashland & Western Railway Company to locate and construct said bridge at its own expense, and it can not recover damages for the expense."

This court is of the opinion that the section above quoted ought not to be so construed, because such construction would make the plaintiff in error liable at its own expense to construct a bridge or culvert over an artificial water course, that was established after it had acquired its property and constructed a railroad thereon at its own expense and such construction would render the statute unconstitutional. The 79 O. S., page 348, supports this view.

The syllabus of this case is:

"1. The provisions of the Constitution forbid not only the taking of the private property of one, but as well the laying of an imposition upon it, for the sole benefit of another.

"2. The Act of April 18, 1904 (97 O. L., 138), may not be so construed and administered as to charge an owner of lands

which are, and are to remain unenclosed, with any part of the expense of constructing and maintaining a line fence for the sole benefit of the adjoining proprietor.''

It is not contended here by any one that the establishment and construction of this bridge is for the benefit of the plaintiff in error, but it is admitted that, it will be solely for the benefit of others than itself, and if such construction would be allowed to prevail, the plaintiff in error would be suffering the imposition of an assessment for the benefit of other parties, and which, in effect, would be the taking of its property for the benefit of others without compensation.

This instruction to the jury naturally would influence their decision upon the question of compensation and damages, and we think that there is such prejudicial error in such instruction that the judgment of the probate court should have been reversed. For these reasons, the judgment of the court of common pleas, affirming the judgment of the probate court, and the judgment of the probate court, will be reversed, and the cause remanded to the probate court for further proceedings according to law.